UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tion Swain, | ) | CASE NO. 3:15CV1770 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Alan J. Lazaroff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Tion Swain, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 10) in its entirety. The Petition is DISMISSED IN PART AND DENIED IN PART.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Logan's objections. The objections lack merit.

In his first two objections, Swain contends that the R&R erred when it failed to find constitutional error in the admission of a taped jail phone call. Swain asserts that "[t]he gist of this objection is that the tape recording of statements by the State of Ohio is testimonial in nature." Doc. 11 at 2. In so arguing, Swain wholly ignores that the R&R noted as follows:

1

> Statements made in furtherance of a conspiracy are non-testimonial in nature. *Crawford*, 541 U.S. at 56; *see also U.S. v. Martinez*, 430 F.3d 317, 329 (6th Cir. 2005) (following *Crawford* and finding that co-conspirator statements made in furtherance of a conspiracy are not testimonial in nature); *U.S. v. Stover*, 474 F.3d 904, 912-913 (6th Cir. 2007) (no violation of Confrontation Clause where the evidence that the defendant objected to was co-conspirators' statements because such statements are non-testimonial in nature) (relying on analysis in *Martinez*).

Doc. 10 at 19. In his objections, Swain does not argue any error in the R&R's conclusion that the statements were made in furtherance of the conspiracy. Moreover, he makes no argument that the State's application of the rule set forth in *Crawford* was unreasonable. Instead, he simply ignores the holding in *Crawford* and argues that the taped statements are testimonial. Accordingly, his first objection lacks merit.

In his second objection, Swain contends that the admission of a portion of the jail call recording rendered his counsel ineffective. Specifically, Swain contends that the tape portrayed his counsel as the type of counsel that would willingly intimidate a witness. Once again, Swain fails to identify any error in the R&R. For that matter, Swain does not even argue that the R&R erred. Instead, he simply contends that the state court erroneously determined this issue. Swain offers no legal support of any kind for his argument in this objection. Upon review, the R&R properly determined that the admission of this portion of the tape did not render counsel ineffective. Accordingly, Swain's second objection lacks merit.

In his third objection, Swain contends that the R&R erred when it found no error in the sufficiency of the evidence claim he raised in the petition. Swain argues therein that the State of Ohio failed to provide any direct evidence to support the complicity charge against him. In so doing, Swain erroneously contends that "[c]ircumstantial evidence may be 'equal' to direct evidence, but circumstantial evidence hardly can replace or trump direct evidence." Doc. 11 at 7. As properly noted by the state court and the R&R, there was amply circumstantial evidence

from which a jury could find Swain guilty of the charged offenses. Contrary to his contentions in his objections, the State could prove its case entirely through circumstantial evidence. Accordingly, Swain's third objection lacks merit.

Swain's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

November 8, 2016             /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT